**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**RICHARD PATRICK MAJHOR, Defendant.**

High Court of American Samoa
Trial Division

CR No. 10-03

May 21, 2004

Before RICHMOND, Associate Justice, SAGAPOLUTELE, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiff, Fiti A. Sunia, Attorney General, Diane Roy, Assistant Attorney General, and Harvey Kincaid, Assistant Attorney General
For Defendant, Andrew T. Stave, Assistant Public Defender

## ORDER GRANTING MOTION TO EMPLOY AN EXPERT, CAPITAL CASE DEFENSE COUNSEL, AND OTHER EXPERTS NECESSARY FOR EFFECTIVE ASSISTANCE OF COUNSEL; CONFIRMING THE GOVERNMENT'S OBLIGATION TO FUND THE COST; AND DENYING THE PRESENT MOTION TO CONTINUE JURY TRIAL

On February 5, 2004, Defendant Richard Majhor ("Majhor") brought an *ex parte* and *in camera* motion for funds to employ an expert capital case defense attorney, a mitigation expert, and other necessary experts. We permitted Majhor to proceed *ex parte* and *in camera* because he intended to reveal privileged information in the motion. We held an *ex parte* hearing on the motion. Allowing Majhor time to seek off-island defense assistance and to develop a proposed budget, we waited until now to rule on the motion.

Requesting more preparation time for anticipated members of the defense team, Majhor brought a related motion to continue the trial by jury. On May 13, 2004, we conducted a hearing for the motion along with a motion to withdraw. Before closing the proceeding, we orally discussed how we intended to rule. We ordered Majhor to identify an experienced capital case attorney willing to join in Majhor's defense and to submit a proposed budget for Majhor's defense. We also put the Government on notice that it will be responsible for the capital case defense costs initially estimated at around $500,000.

This opinion and order articulates our rulings on the motion for funding and motion to continue the jury trial, and further explains our verbal pronouncements at the end of the May 13, 2004 hearing. We address the present defense counsel's pending motion to withdraw in a separate opinion and order.

## Relevant Procedural History

Charging Majhor with Murder in the First Degree along with other charges, the Government filed a criminal complaint in the District Court on March 2, 2003, DCCR No. 10-03, and following the bind over to this Court, an information in this Court on March 20, 2003, CR No. 10-03. The Government seeks the death penalty for the murder charge, filing a formal notice of its intention on February 4, 2004. On May 29, 2003, the Government filed another information in this Court, charging Majhor and his wife with methamphetamine possession, respectively CR No. 21-

03 and CR No. 20-03. The controlled substance prosecution is proceeding separately and is presently scheduled for trial after completion of the trial of the homicide case.

After we permitted a number of attorneys to withdraw for cause, we appointed Assistant Public Defender Andrew T. Stave ("Stave") as attorney in both cases against Majhor on December 18, 2003. Stave has access to the staff, including the investigators, and resources of the American Samoa Public Defender's Office to defend Majhor.

## Discussion

### I. Death Penalty Qualified Defense Team

■ To ensure the right of effective assistance of counsel as required by AMERICAN SAMOA REV. CONST. art. 1 § 6, we grant requests for funds to hire experts made by indigent defendants when expert services are necessary to prepare an adequate defense. *American Samoa Gov't v. Siitu*, CR No. 06-03, slip op. at 1-3 (Trial Div. July 9, 2003). We evaluate the circumstances of each case to ensure "that the defendant has a fair opportunity to present his defense." *Id.* (quoting *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985)). In determining what is necessary, we look to American Bar Association ("ABA") standards for guidance. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Wiggins v. Smith*, 123 S.Ct. 2527, 2536-37 (2003) (quoting *Strickland* and citing *ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases* (1989)). As guides, ABA standards do not bind us. If we determine that a defendant will suffer no constitutional harm, we will not hesitate to disregard ABA standards.

However, without revealing privileged information, the circumstances of Majhor's case convince us of the need for funding for an off-island attorney expert in capital cases, mitigation expert, investigator, and possibly other experts. Free from the conflicts, capital case inexperience, and other legitimate concerns that have plagued Majhor's prior counsel, off-island representation will stabilize Majhor's defense team. In addition, some investigation for the mitigation phase must be conducted off-island.

■ The *ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases* (2003) (hereinafter "*ABA Death Penalty Case Guidelines*") also suggest that additional experts are essential to prepare an adequate defense. *ABA Death Penalty Case Guideline* 4.1 states:

> The Legal Representation Plan should provide for assembly of a defense team that will provide high quality representation.

1. The defense team should consist of no fewer than two attorneys qualified in accordance with Guideline 5.1, an investigator, and a mitigation specialist.

2. The defense team should contain at least one member qualified by training and experience to screen individuals for the presence of mental or psychological disorders or impairments.

■ According to *ABA Death Penalty Case Guideline* 5.1(B), counsel on a death penalty defense team should have a "license or permission to practice in the jurisdiction," a commitment to defending capital cases, and death penalty training. Without holding that complete adherence to the *ABA Death Penalty Case Guidelines* is necessary for an adequate capital defense, we conclude that the composition of Majhor's defense team should more closely match the defense team composition suggested by the *ABA Death Penalty Case Guidelines*.

As additional counsel is essential to Majhor's adequate defense, we order Majhor to identify a qualified capital case defense attorney prepared to serve in his defense on or before May 27, 2004, and to submit the attorney's cost proposal to include the hourly fee, initial fee payment requirement, and an estimated total defense budget.[1] After we appoint additional counsel, Majhor can request funding for additional experts as necessary.

This opinion and order puts the Government on notice to prepare to pay for Majhor's defense. We currently estimate that Majhor's defense costs could run as high as $500,000, and possibly more. (*See, e.g.,* Def. Mem. in Support of Mot. to Continue Jury Trial, Ex. A at 3.) As the case progresses, we will review defense expenditures and issue orders for the Government to provide funds as required.

## II. Continuance of Jury Trial

We recognize that newly appointed counsel will require additional time to prepare the defense. However, at this time, we deny the motion to continue jury trial because, with the appointment of additional counsel, we anticipate a significant change in defense strategy and leadership. Rather than leave the date open or risk modifying the trial date repeatedly, we leave it for Majhor's new defense team to request the time that they will need to prepare. Adequate time will be available after the appointment of new counsel for Majhor to make another motion to continue.

---

[1] We verbally gave this order in significant part to Majhor at the May 13, 2004 hearing.

## Order

1. Majhor's motion for funds to employ outside counsel expert in capital case defense, a mitigation expert, an investigator and other necessary experts is granted. We order Majhor to identify a qualified attorney prepared to serve in his defense on or before May 27, 2004, and to submit a proposal containing the attorney's hourly fee, initial fee payment requirement, and an estimated total defense budget. This opinion and order places the Government on notice that it is responsible for funding Majhor's defense, which may cost over $500,000.

2. Majhor's motion to continue the jury trial is denied without prejudice. Majhor shall also submit the qualified attorney's estimated trial preparation time on or before May 27, 2004.

It is so ordered.